[No. A020753. First Dist., Div. Three. Dec. 14, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
WILL OLIVER TAYLOR, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and David R. Feld, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gloria F. DeHart and Ronald D. Smetana, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BARRY-DEAL, J.—Will Oliver Taylor appeals from a judgment of conviction entered on a jury verdict finding him guilty of robbery, in violation of Penal Code section 211.[1] He contends that he was denied effective assistance of counsel because his trial counsel failed to challenge the in-field identification as unduly suggestive and, further, that the trial court erred in denying his motion for a new trial on that ground. We affirm the judgment.

### The Facts

On December 9, 1981, at about 7:50 p.m., Marlene Corrigan, accompanied by her six-year-old son, was walking home from a grocery store in

---

[1] Initially appellant pled guilty, but that plea was vacated a month later, when appellant denied his guilt.

El Cerrito carrying a bag of groceries, when she heard someone come up behind her and felt a tugging on her purse. She grabbed the strap and turned to face a black male. They struggled for the purse for about a half minute, with Ms. Corrigan looking at her assailant eye-to-eye, trying to remember his face. Finally the strap broke, and the man took the purse and ran to a waiting car about a half block away. The car was a black-over-white Cadillac with someone in the driver's seat. They immediately drove away.

Two men in a car who had witnessed the incident followed the suspects' car, memorized the license number before abandoning the trail, and returned to Ms. Corrigan. One of them gave her a note with his name and the license number of the Cadillac on it, and the two of them gave Ms. Corrigan and her son a ride home. She reported the incident to the El Cerrito Police Department, providing the license number and a description of the assailant.

About two hours later, Ms. Corrigan was informed that the police had found a suspect fitting the description she had given, and she was asked to go with the officer to identify him. On the way the officer told her that she was under no obligation to identify anyone and that it was better not to make any identification than to make a false one.

At the scene, she observed a Richmond police car, two officers, and two men leaning against a black-over-white Cadillac. She recognized the car as the one in which her assailant left. Almost immediately she recognized one of the men as her assailant. She responded that on a scale of one to ten, her degree of certainty was an eight. At some point during this procedure, an umbrella was produced from the suspects' vehicle, and Ms. Corrigan identified it as hers. The two men were arrested.

Appellant presented an alibi defense. He testified that he loaned his car to Raymond McDaniels, and that he was home with Rosemary Knight from 6:30 p.m. on. Ms. Knight corroborated this story, although at first she testified that appellant had left the house at about 6:30.

Other pertinent facts are developed in the discussion.

### Discussion

Appellant contends that his trial attorney's failure to challenge the in-field identification procedure deprived him of effective assistance of counsel. In light of the fact that appellant raised the issue below by motion for new trial, the question before us is more properly stated as whether the trial

court erred in denying that motion. Before addressing that issue, we must determine what standard of review is to be applied.

In *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144], the Supreme Court established for the first time that "in appropriate circumstances" the issue of trial counsel's effectiveness should be presented to the trial court on a motion for new trial, even though the new trial statute (Pen. Code, § 1181) does not include this as one of the enumerated grounds for the motion. (*Id.*, at p. 582.)

■ It has been stated often that a motion for new trial is addressed to the sound discretion of the trial court and that its decision will not be reversed unless a clear abuse of discretion is shown. (E.g., *People* v. *Martinez* (1984) 36 Cal.3d 816, 821 [205 Cal.Rptr. 852, 685 P.2d 1203]; *People* v. *McDaniel* (1976) 16 Cal.3d 156, 177 [127 Cal.Rptr. 467, 545 P.2d 843].) While this rule undoubtedly is correct in the context of a statutory motion for new trial, the proper scope of review of the trial court's ruling on a nonstatutory motion based upon an allegation of denial of constitutional rights is not so simple. ■ We find the analogy to the procedures on motions to suppress evidence pursuant to Penal Code section 1538.5 compelling, and we hold that a similar two-step process is appropriate in these cases.

In the first step, the trial court must find the relevant facts, for example, the circumstances of the in-field identification procedure and the factors to be considered in evaluating the likelihood of a misidentification "includ[ing] the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." (*Neil* v. *Biggers* (1972) 409 U.S. 188, 199-200 [34 L.Ed.2d 401, 411, 93 S.Ct. 375].) Having made these findings, the court should make other pertinent findings based upon its own observations and the evidence presented to it. ■ On appeal, all presumptions favor the trial court's exercise of its power to judge the credibility of witnesses, resolve any conflicts in testimony, weigh the evidence, and draw factual inferences. ■ The trial court's factual findings, express or implied, will be upheld if they are supported by substantial evidence. (See *People* v. *Leyba* (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961].)

■ In the second step of the process, the trial court will have decided whether, on the facts which it has found, the defendant was deprived of his right to adequate assistance of counsel, that is, whether the defendant has shown that ". . . trial counsel failed to act in a manner to be expected of

reasonably competent attorneys acting as diligent advocates . . . [and] that counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense . . ." (*People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1]), or ". . . that his counsel failed to perform with reasonable competence and that it is reasonably probable a determination more favorable to the defendant would have resulted in the absence of counsel's failings. [Citations.]" (*People* v. *Fosselman, supra,* 33 Cal.3d at p. 584.) ■ "In order to demonstrate that the alleged incompetency of his trial counsel in not objecting to the identification evidence denied him a potentially meritorious defense, the defendant must present a convincing argument that the pretrial identification procedure 'resulted in such unfairness that it infringed his right to due process of law.' [Citations.] [The] task [of the court reviewing the question] is thus to assess the facts and circumstances of the identifications to determine whether they were 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' [Citations.]" (*People* v. *Nation* (1980) 26 Cal.3d 169, 179 [161 Cal.Rptr. 299, 604 P.2d 1051]; accord, *People* v. *Cuevas* (1980) 111 Cal.App.3d 189, 195-196 [168 Cal.Rptr. 519].)

■ To the extent that these are questions of law, the appellate court is not bound by the substantial evidence rule, but has " 'the ultimate responsibility . . . to measure the facts, as found by the trier, against the constitutional standard . . . .' [Citation.] On that issue, in short, the appellate court exercises its independent judgment." (*People* v. *Leyba, supra,* 29 Cal.3d at p. 597, fn. omitted; see *People* v. *Bess* (1984) 153 Cal.App.3d 1053 [200 Cal.Rptr. 773].)

■ We examine the record before us in light of these principles. Ms. Corrigan testified extensively during trial about her identification of appellant. She stated that during the struggle for her purse she "star[ed] at the person eye to eye in the face . . ." and that she made a conscious effort to remember his face, which was "very distinctive." The lighting was good. On the way to the in-field procedure the officer told Ms. Corrigan that she was under "no obligation at the time to identify the suspect, and if [she] was uncertain it was best not to say anything than to make a false identification."

Upon arriving at the scene, Ms. Corrigan observed two police officers, about twenty feet away, and two males, who were neither handcuffed nor restrained in any way, leaning against a Cadillac. The car looked like the one in which her assailant had fled, and she recognized appellant "almost immediately." She observed the two suspects for about five minutes from her seat in the police car. When asked by the police about how certain she

was of her identification, she stated about eight on a scale of one to ten. The reasons for her qualification were that appellant had removed a hat and jacket which he had worn during the robbery and that she was some distance (about a fourth of a block) from him and could not see his face "close up."

However, when she later identified appellant at the preliminary hearing, she was 100 percent sure, because she then had a closer look at his face. This identification was based upon her observation of appellant at the time of the crime. She did not believe that the presence of the car and the two suspects or the "scene in general" induced her to identify appellant. She was absolutely positive of her identification of him at trial. And she based this identification on her observations of appellant during the commission of the offense, not on her in-field identification nor her preliminary examination identification of him.

Appellant's trial attorney, Wilfred Holden, testified at the hearing on motion for new trial. He stated that in preparing the case for trial he reviewed the facts of the in-field identification procedure, researched cases in the area (about which he had previous knowledge), and concluded that a motion to suppress the identification would not be successful. Accordingly, he decided that the question of the identification should be tried and argued to the jury.

After considering all the evidence, as well as written points and authorities and oral argument, the court denied appellant's motion for a new trial. Although the court did not make express findings in accordance with the suggested procedure which we establish today, the pertinent facts, which we have set out above, were essentially undisputed. In any event, it is clear that the court found the facts to be adverse to appellant's claim. Having determined what the relevant facts were, the court applied the appropriate legal test, as set forth in *People* v. *Nation, supra,* 26 Cal.3d 169, and *People* v. *Cuevas, supra,* 111 Cal.App.3d 189, in denying the motion.

From our review of the record, we are persuaded that we must uphold the trial court's implied finding that the facts were as testified to by the victim. Upon exercising our independent judgment (*People* v. *Leyba, supra,* 29 Cal.3d 591), we agree with the court's conclusion that the in-field identification procedure was not so impermissibly suggestive as to give rise to a substantial likelihood of misidentification, that counsel's decision not to raise the issue did not result in withdrawal of a potentially meritorious defense, and that counsel did not fail to perform with reasonable competence. Counsel is under no obligation to make idle or frivolous motions. (*People* v. *Jackson* (1980) 28 Cal.3d 264, 292 [168 Cal.Rptr. 603, 618 P.2d 149], cert. den., 450 U.S. 1035 [68 L.Ed.2d 232, 101 S.Ct. 1750].) Accordingly, the trial court properly denied the motion for new trial.

The judgment is affirmed.

White, P. J., and Scott, J., concurred.