[No. F004269. Fifth Dist. Feb. 4, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
BENJAMIN RODRIGUEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the "Statement of Facts" and parts I, III and IV.

COUNSEL

William E. Rowen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Joel Carey, Garrett Beaumont and Ralph S. Blascovich, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**FRANSON, Acting P. J.—**

STATEMENT OF THE CASE

Appellant was charged in two separate cases by amended informations with burglary (Pen. Code, § 459),[1] receiving stolen property (§ 496) and possession of a controlled substance (heroin) (Health & Saf. Code, § 11350). Prior felony convictions of attempted theft of an automobile (Veh. Code, § 10851), robbery (§ 211), burglary (§ 459) and twice receiving stolen property (§ 496) were alleged for enhancement purposes. The cases were subsequently consolidated.

Appellant pleaded not guilty to the charges and successfully moved for a bifurcated trial on the issue of the prior conviction allegations. Appellant was unsuccessful in his motion to suppress evidence of the heroin pursuant to section 1538.5. Appellant was similarly unsuccessful in his motion to prevent his impeachment through use of the prior felony convictions; he did not testify at trial.

A jury found appellant guilty of the charges of possession of heroin and receiving stolen property and not guilty of the burglary charge.[2] At a separate trial, and after the robbery prior was stricken on the People's motion, the trial court found the prior convictions true. Appellant was thereafter sentenced to six years in state prison. A timely appeal followed.

---

[1] All references are to the Penal Code unless otherwise indicated.

[2] Because the burglary and receiving stolen property charges had been presented as alternative charges relating to the same general occurrence, the jurors were properly instructed under CALJIC No. 17.03 (4th ed. 1979) that they had to find appellant not guilty of one charge if they found him guilty of the other.

### STATEMENT OF THE FACTS*

. . . . . . . .ʹ . . . . . . . . . . . . . . . . .

### DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . .

### II

*The motion to exclude felony priors for impeachment.*

Appellant contends that his prior felony convictions (1979 and 1980 receiving stolen property, 1980 burglary, 1977 attempted theft of an automobile and 1973 robbery) should have been excluded for impeachment purposes.[7] Specifically, he contends that the trial court committed prejudicial error in failing to exercise its Evidence Code section 352 discretion.

The People contend that any error committed by the trial court was harmless as tested under the *Watson*[8] standard of review of error.

In *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], the Supreme Court interpreted Article I, section 28, subdivision (f) of the state Constitution. It held that subject always to the trial court's discretion under Evidence Code section 352, a prior felony conviction that necessarily involves moral turpitude may be used to impeach a witness in a criminal proceeding. (*Id.*, at p. 306.)

"Moral turpitude" means a general "readiness to do evil." (*Id.*, at p. 314.) The determination of whether a given felony involves "moral turpitude" is not a matter of extrinsic proof. Rather, "a witness' prior conviction should only be admissible for impeachment if the least

---

*See footnote on page 174, *ante*.

[7]As previously noted, the robbery prior was stricken as to both informations during the course of the bifurcated trial on the issue of the validity of appellant's prior convictions for enhancement purposes. Since appellant had previously been threatened with impeachment through the use of the robbery prior, this court must still deal with the purported error in allowing it to be used to impeach appellant had he testified.

[8]*People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243].

adjudicated elements of the conviction necessarily involve moral turpitude." (*Id.*, at p. 317.)

Once it is determined the prior felony involves moral turpitude, the trial court must affirmatively show on the record that it did in fact weigh prejudice against probative value. (*People* v. *Green* (1980) 27 Cal.3d 1, 25 [164 Cal.Rptr. 1, 609 P.2d 468].) If the trial court fails to exercise its discretion, error occurs. Appellate courts will then reverse only if the record discloses that it is reasonably probable that a result more favorable to appellant would have occurred absent the error. (*People* v. *Castro, supra,* 38 Cal.3d at p. 319, citing Cal. Const., art. VI, § 13; *People* v. *Watson, supra,* 46 Cal.2d at p. 836.)

 The threshold question is whether the prior felonies in this case necessarily involve moral turpitude. Since robbery and burglary each necessarily involve a specific intention to commit a theft, or in the case of burglary, a theft or a felony within a protected structure, each involves elements of dishonesty and a readiness to do evil. Several post-*Castro* opinions have so held. (*People* v. *Boyd* (1985) 167 Cal.App.3d 36, 44 [212 Cal.Rptr. 873] [burglary]; *People* v. *Hunt* (1985) 169 Cal.App.3d 668, 675 [215 Cal.Rptr. 429] [burglary]; *People* v. *Brown* (1985) 169 Cal.App.3d 800, 805 [215 Cal.Rptr. 494] [robbery]; *People* v. *Stewart* (1985) 171 Cal.App.3d 59, 66 [215 Cal.Rptr. 716] [robbery].)

Several post-*Castro* cases have also held that the felony of automobile theft necessarily involves moral turpitude.[9] Since attempted automobile theft requires a specific intent to steal and a direct but ineffectual act done toward its commission (§ 664; Witkin, Cal. Crimes (1963) §§ 93, 94, pp. 90-91), it follows that the "least adjudicated elements" of the crime of attempted automobile theft also necessarily involves moral turpitude.

On the question whether receiving stolen property necessarily involves moral turpitude, we note that section 496 provides in pertinent part: "Every person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft or extortion, *knowing the property to be so stolen or obtained,* or who conceals, sells, withholds or aids in concealing, selling, or withholding any such property from the owner, *knowing the property to be so stolen or obtained* [is guilty of the crime of receiving stolen property]."[10] (Italics added.)

---

[9] *People* v. *Hunt, supra,* 169 Cal.App.3d at page 674; *People* v. *Williams* (1985) 169 Cal.App.3d 951, 957 [215 Cal.Rptr. 612]; *People* v. *Zataray* (1985) 173 Cal.App.3d 390, 399 [219 Cal.Rptr. 33].

[10] Where the district attorney or the grand jury determines that an action pursuant to section 496 would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed $400, specify in the accusatory pleading that the offense shall be a misdemeanor. Such was not the case with appellant's prior conviction.

Although it is not a specific intent crime, a necessary element of the offense of receiving stolen property is actual knowledge of the stolen character of the property. (*People* v. *Jolley* (1939) 35 Cal.App.2d 159, 162 [94 P.2d 1011].) One who unlawfully acts in disregard for the property rights of others, whether known or unknown, demonstrates moral laxity and to some degree a "readiness to do evil."

■ Thus, each of the felony priors involved moral turpitude; they were each relevant for the purpose of impeaching appellant had he elected to testify. Error occurred when the trial court failed to exercise its discretion in a manner compelled by *People* v. *Green, supra,* 27 Cal.3d 1. In ruling on the motion to exclude the prior convictions for impeachment purposes, the trial judge indicated that "any and all priors are admissible for impeachment purposes" in light of Proposition 8.

In passing on the question whether the trial court's error in failing to exercise its Evidence Code section 352 discretion was prejudicial under the test set out in *Watson, supra,* 46 Cal.2d 818, focus should be drawn to the relative strengths of the prosecution and defense cases with particular attention given to the possible testimony appellant would have given if he were not to have been impeached by the prior convictions.

There was overwhelming evidence of appellant's possession of a controlled substance. That appellant was found possessing heroin could not have been controverted.

Appellant's conviction of receiving stolen property is also strongly supported by circumstantial evidence. A Mexican male, as is appellant, was at the Culbertson house at the time of the residential burglary. The car in Culbertson's driveway at the time of the burglary was the very car appellant was driving later that day. The unique items missing from Culbertson's house were found in the trunk of that car. Appellant's apparent defense, as presented through his two witnesses, was that he was not driving the suspect car at the time of the residential burglary. Appellant's sister testified that she was driving the car at the time of the burglary. The defense was unbelievable given the eyewitness and circumstantial proof that the suspect car was in fact at the Culbertson residence at the time of the burglary.

The only possible thing that appellant could have offered in his defense if he had testified was that he did not know that the items in his trunk were stolen. But such knowledge may be, and almost always must be, presented by circumstantial evidence. (Witkin, Cal. Crimes, *op. cit. supra,* § 427.) All the circumstances must be considered together in determining whether the inference of guilt may be found. When so considered, there is ample

evidence to support the judgment, and we cannot say it is probable that a result more favorable to appellant would have occurred had he been allowed to testify without the threat of being impeached by his prior felony convictions.

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Hanson (P. D.), J., and Castellucci, J.,† concurred.

---

*See footnote on page 174, *ante*.
†Assigned by the Chairperson of the Judicial Council.