Filed 3/4/15  P. v. Jorgenson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C076311 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 62118774, 62123706) |
| v. | |
| BA'SHAY EDWARD JORGENSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ba'Shay Edward Jorgenson has filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant has filed a supplemental brief and an amendment thereto, loosely claiming that (1) his pretrial *Marsden* motions (*People v. Marsden* (1970) 2 Cal.3d 118) seeking new counsel were wrongfully denied; (2) he did not knowingly and willingly waive his attorney's conflict of interest with respect to a prosecution witness; (3) he was not given the opportunity to testify at trial; and, (4) the trial court improperly

1

denied his motion for new trial, erroneously basing it on his failure to request new counsel before trial. As we explain, we find defendant's claims unpersuasive and fail to find any arguable error that would result in a disposition more favorable to him. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Current Offense*

On July 29, 2013, at about 12:00 a.m., Melvin Chapman went to sleep in a sleeping bag by a truck center on Highway 49 in Auburn. Just before going to sleep, he had given defendant some tobacco rolling papers, after which defendant thanked him and left. Chapman had known defendant for approximately six years. Chapman awoke when defendant struck him in the ear with an object Chapman believed to be a tire iron. Defendant then put his hand on Chapman's face, struck him with the object twice more on the back of the head, and walked away.

Chapman made a report from the hospital to the police at around 8:00 a.m. By the time Chapman reported the assault, defendant was in jail; he had been arrested around 6:30 a.m. that morning for being drunk in public. The arresting officer had come upon defendant acting strangely and punching a metal light pole approximately 120 yards from where Chapman was assaulted. Later, when defendant was asked why he had assaulted Chapman, he neither admitted nor denied committing the assault.

On July 31, 2013, defendant was charged with assault and corresponding (personal) use of a deadly weapon (§ 245, subd. (a)(1)), in connection with the assault on Chapman a few days before.

*Probation Offenses*

At the time of the assault, defendant was on probation for his plea to an assault with force likely to produce great bodily injury (§ 245, subd. (a)) committed in 2012, and also for misdemeanor resisting a peace officer (§ 148, subd. (a)).

2

*First Marsden Motion*

Within a few days of his arraignment and the appointment of attorney Erik Beauchamp, defendant brought his first *Marsden* motion, claiming he did not agree with Beauchamp that defendant's girlfriend (apparently a friend of the victim's) should be investigated. Defendant also seemed to believe he was not going to get a preliminary hearing. The court (Curry, J.) explained the severity of the charges to defendant and that counsel could not be faulted for wanting to perform a thorough investigation. The court also assured defendant that the court would be setting the preliminary hearing date that day. Finding no grounds for substitution of counsel, the court denied the *Marsden* motion.

*Second Marsden Motion*

The preliminary hearing was held on September 4, 2013. Defendant was held to answer and an information was filed on September 6, 2013, charging him with assault with personal use of a deadly weapon (§ 245, subd. (a)(1)), and battery resulting in serious bodily injury (§§ 243, subd. (d), 12022.7, subd. (a)).

On September 12, 2013, defendant brought a second *Marsden* motion. Defendant complained generally that Beauchamp was being "argumentative," "pressuring" him to enter into a plea agreement, and was "neglecting" his case. Defendant, however, was unable to provide any specific examples concerning any of his complaints. The trial court (Curry, J.) again denied his motion and set his case for trial.

*New Trial Motions*

The jury trial proceeded on October 29, 2013 (Jones, J., presiding). On October 31, 2013, the jury found defendant guilty on all counts. Based on his conviction in the instant case, defendant was also found in violation of his probation in both cases described *ante*.

3

At the November 18, 2013, sentencing hearing, Beauchamp informed the court that defendant was seeking a new trial. Beauchamp indicated he did not believe there were any grounds for a new trial and suggested the court, in the absence of having observed ineffective assistance of counsel at trial, hold a closed hearing to determine whether there was a colorable claim of ineffective assistance of counsel alleged.

At the closed hearing, defendant stated that Beauchamp had "manipulated" and lied to him, and "neglected" his case. Defendant then provided documents evidencing formal complaints made by defendant about an unnamed judge and attorney. Upon receipt of these documents, the trial court (Jones, J.) recused himself, although defendant told him: "I didn't complain about you." The parties were scheduled to appear before a different judge for a determination as to how to proceed with the matter, including Beauchamp's continued representation of defendant.

The following day, defendant appeared with Beauchamp, requesting a new trial based on ineffective assistance of counsel. The matter was transferred to another judge (Curry, J.). The court held a closed hearing to determine whether there was a colorable claim of ineffective assistance of counsel alleged. At the hearing, defendant complained about a witness he felt should have been called, Beauchamp's potential conflict with a prosecution witness who was not called, and that he was not given the opportunity to testify. Beauchamp countered that, after discussion regarding the pros and cons, defendant chose not to testify--which Beauchamp felt was the better choice.

Initially, the court found no colorable claim of ineffective assistance of counsel had been alleged to warrant appointment of new counsel. However, when defendant added Beauchamp had told him sometimes innocent people go to prison and threatened him to "sit there and shut up," the court, "err[ing] on the side of caution," decided to relieve Beauchamp and the public defender's office and appoint conflict counsel.

On March 5, 2014, attorney Samuel Berns filed a motion for new trial on behalf of defendant. The motion alleged defendant was denied a fair trial in two ways: (1) the original trial court (Jones, J.) should have recused himself sooner; and (2) trial counsel did not effectively advise defendant on his right to testify. Judge Curry found it was clear from the record that Judge Jones had recused himself because of the complaint against him as soon as he found out about it, thus there was no evidence to suggest Judge Jones was biased at any time while he was presiding or did not afford defendant a fair trial. The trial court also found Beauchamp to be credible during the earlier *Marsden* hearing when he stated that he had explained the pros and cons of defendant's testifying on his own behalf and had left the decision to defendant, who decided not to testify. The trial court concluded, comparing the relative credibility of defendant and Beauchamp, that defendant was not coerced or threatened into not testifying. Accordingly, the motion for new trial was denied.

*Sentencing*

Thereafter, the trial court sentenced defendant to the upper term of four years for the assault and a consecutive three years for the great bodily injury enhancement in the 2013 case. The court imposed and stayed (§ 654) the upper term of four years for the battery. The court also imposed a consecutive one year (one-third the midterm) for the assault in the felony probation case, for an aggregate term of eight years in state prison. The court ordered various fines and fees and awarded defendant 478 days of custody credit on the instant case and 184 days of custody credit on the assault in the felony probation case. Defendant appeals.

## DISCUSSION

### I

### Pretrial *Marsden* Motions

Defendant contends his pretrial *Marsden* motions seeking new counsel were wrongfully denied. We find no error.

Preliminarily, we find that the trial court made adequate inquiries into defendant's complaints at each of the hearings. "[A] criminal defendant who seeks to substitute counsel must be allowed to state the specific reasons for his dissatisfaction with counsel." (*People v. Clemons* (2008) 160 Cal.App.4th 1243, 1250.) Defendant does not contend that he was denied this opportunity.

Once the trial court provides defendant an opportunity to state specific reasons for dissatisfaction with counsel, "it is within the trial court's discretion whether the circumstances justify a substitution of counsel. Substitution is required if the record clearly shows defense counsel is not providing adequate representation or that there is such a conflict between the defendant and counsel that ineffective assistance of counsel is likely to result. The trial court's determination will not be disturbed on appeal absent a showing that denial of the motion substantially impaired the defendant's right to the effective assistance of counsel." (*People v. Clemons*, *supra*, 160 Cal.App.4th at p. 1250.)

Here, defendant did not provide any substantial basis to justify substitution of counsel at either of the pretrial hearings. Although defendant appears to complain in his supplemental brief on appeal that his pretrial *Marsden* motions should have been granted based on his allegation that Beauchamp was "threatening" him, defendant did not make that complaint at either hearing. When he finally did complain of threats, at his new trial motion, the trial court granted his motion and relieved counsel.

At the first *Marsden* hearing, defendant simply stated that he did not agree that Beauchamp needed to investigate his girlfriend and appeared concerned about getting a preliminary hearing. Performing a thorough investigation does not form the basis of a claim of incompetent counsel. And, as the trial court assured defendant, he received a preliminary hearing. At the second *Marsden* hearing, defendant made only vague and general complaints about Beauchamp, as we have described *ante*. When asked by the trial court, defendant was unable to provide any specific examples concerning any of his complaints.

6

"A *Marsden* motion is addressed to the discretion of the trial court, and a defendant bears a very heavy burden to prevail on such a motion. The defendant must show that appointed counsel is not adequately representing him, and that the deficiency in representation is so great as to substantially impair the defendant's right to the effective assistance of counsel. [Citation.] The defendant must give specific examples of counsel's inadequacies, and cannot rest upon mere failure to get along with or have confidence in counsel. [Citations.]" (*People v. Bills* (1995) 38 Cal.App.4th 953, 961.) Defendant failed to meet his burden. There was no abuse of discretion.

## II

### *Potential Conflict of Interest*

Defendant also contends he did not knowingly and willingly waive his attorney's conflict of interest with respect to a prosecution witness. The day before trial, Beauchamp discovered that one of the prosecution's potential witnesses was the girlfriend of Beauchamp's supervisor. Beauchamp explained to the trial court that he and his supervisor did not think there was an actual conflict of interest, but there could be an appearance of impropriety. After a short recess to allow Beauchamp to explain the situation to defendant, Beauchamp represented that defendant did not wish to address the court and was ready to proceed.

Ultimately, however, this witness did not testify at trial. Thus, whether defendant waived any potential conflict of interest is of no consequence.

## III

### *Defendant's Desire to Testify*

Defendant also contends he was not given the opportunity to testify at trial on his own behalf. This contention was raised in connection with defendant's motion for new trial and was expressly rejected by the trial court, based upon its evaluation of the credibility of Beauchamp and defendant.

"On appeal, all presumptions favor the trial court's exercise of its power to judge the credibility of witnesses, resolve any conflicts in testimony, weigh the evidence, and draw factual inferences." (*People v. Taylor* (1984) 162 Cal.App.3d 720, 724.)  The trial court's findings of fact, express or implied, will be upheld on appeal if supported by substantial evidence. (*Ibid*.)  The trial court's finding that Beauchamp explained the pros and cons of defendant's testifying on his own behalf and defendant chose not to testify is supported by Beauchamp's statements at the post-trial closed hearing.  Thus it is supported by substantial evidence, as we accept the trial court's credibility determinations and findings.[1]

IV

*New Trial Motion*

Finally, defendant contends the trial court improperly denied his motion for new trial, claiming the court disregarded defendant's pretrial *Marsden* motions.

As set forth *ante*, the court denied defendant's motion for new trial because there was no evidence to suggest the trial judge (Jones, J.) was biased at any time or did not afford defendant a fair trial, and because it found Beauchamp to be credible regarding advising defendant of his right to testify at trial.  At no time did the court (Curry, J.) even *suggest* that defendant had failed to request new counsel before trial.  Nor would it, as that same judge (Curry, J.) had presided over both of defendant's pretrial *Marsden* motions.

---

[1]  A brief on-the-record inquiry of the defendant by the trial court as to his or her decision not to testify, held at the close of the People's case and out of the presence of the jury, would obviate the need for a subsequent credibility determination as to whether the defendant was properly advised by counsel.

**DISPOSITION**

The judgment is affirmed.

                                                              DUARTE                    , Acting P. J.


We concur:


            BLEASE            , J.


            BUTZ              , J.

9