Filed 6/25/15  P. v. Hernandez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ORLANDO HERNANDEZ,<br><br>    Defendant and Appellant. | B255800<br><br>(Los Angeles County<br>Super. Ct. No. BA409469) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Stephen A. Marcus, Judge.  Affirmed.

Lenore DeVita, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, and Eric E. Reynolds, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant Orlando Hernandez (defendant) appeals his conviction for being a felon in possession of a firearm and ammunition because, in his view, the trial court erred in denying him a midtrial continuance so he could try to recreate and photograph the vantage point of the police officer who saw him stash the loaded gun, which defendant claimed would help him prove that the officer could not have seen that act. Because the trial court did not abuse its discretion in denying a continuance, and because our review of the sealed transcripts of the *Pitchess*[1] hearings reveals no error, we affirm defendant's convictions and the resulting four-year prison sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

Some time after midnight on a day in late March 2013, Los Angeles Police Department Officer Roberto Ruiz (Officer Ruiz) spotted defendant and another man looking into a parked car. As soon as defendant and Officer Ruiz made eye contact, defendant grabbed his waistband and took off at a run. Officer Ruiz got out of his patrol car and chased defendant up a residential driveway. Defendant ran in front of a sport utility vehicle (SUV) with an open hood and paused for 10 to 15 seconds. Officer Ruiz took cover on steps cut into a cinderblock wall running along the left side of the driveway. From this slightly elevated vantage point, and due to the nearly full moon and a "bright" light affixed to the residence, Officer Ruiz watched defendant place a "shiny object" into the SUV's engine compartment. Soon thereafter, defendant complied with Officer Ruiz's demands that he put his hands in the air, and Officer Ruiz recovered a chrome revolver containing five live rounds from the engine compartment.

The People charged defendant with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1))[2], and being a felon in possession of ammunition (§ 30305, subd. (a)(1)). The People further alleged that defendant was on bail at the time of the crimes (§ 12022.1), that he had two prior felony convictions (§ 1203, subd. (e)(4)), and

---

[1]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

2

that he had served two prior prison terms (§ 667.5, subd. (b)).

At trial, defendant denied having a gun or being anywhere near the SUV; he also testified that Officer Ruiz had harassed him in the past and threatened to "fuck him up" if he ever caught him. Defendant also called Robert Marquez (Marquez) as a witness. Marquez testified that Officer Ruiz briefly questioned him in 2008, and asked him if a small baggie of white powder was his before allowing Marquez to leave; Officer Ruiz denied showing Marquez any powder, and was not disciplined after Marquez's complaint was investigated.

The jury convicted defendant of both counts, and the trial court—following a waiver of jury trial—found the remaining allegations true. The trial court sentenced defendant to four years in state prison—two years on the felon in possession of a firearm count, and an additional two years on the bail allegation; the court stayed the ammunition count and struck the prior prison term allegation.[3]

Defendant timely appeals.

## DISCUSSION

### I. Denial of Request For Continuance

On the third day of trial, defendant asked for a one-day continuance so he could recreate the scene on the driveway and illustrate, with a photograph, that Officer Ruiz could not have seen defendant place the loaded gun in the SUV's engine compartment. Defendant explained that his request was timely because Officer Ruiz had only testified to his vantage point during the last day of trial, and defendant had located an identical SUV and was going to ask its owner to borrow it. The trial court denied defendant's request for three reasons: (1) it would be nearly impossible to recreate Officer Ruiz's vantage point in the scene because that vantage point turns on "a million factors," including the angle of the officer's head, the orientation of the SUV, the angle of defendant's body, the relative heights of the defendant and Officer Ruiz, and the lighting;

---

[3]     We granted defendant's request to judicially notice the trial court's amended abstract of judgment.

(2) defendant had not exercised reasonable diligence because he waited until the middle of trial to attempt to recreate the scene; and (3) any photograph from the recreated scene would "confuse" and "mislead" the jury.

Defendant argues that the trial court abused its discretion in denying his request for a continuance, and that his trial counsel was constitutionally ineffective for not being more diligent in his investigation. We review denials of a continuance for an abuse of discretion (*People v. Hajek & Vo* (2014) 58 Cal.4th 1144, 1181), and ineffective assistance of counsel claims de novo (*People v. Taylor* (1984) 162 Cal.App.3d 720, 725; cf. *People v. Callahan* (2004) 124 Cal.App.4th 198, 201 [abuse of discretion review when new trial is granted due to ineffective assistance of counsel]).

A trial court may grant a continuance only upon a showing of "good cause." (§ 1050, subd. (e).) When a continuance is requested midtrial, the court's evaluation of good cause turns not only on how the requesting party will benefit from the continuance, but also on the likelihood that benefit will come to pass; the burden of any continuance on other witnesses, the jurors, and the court; and whether a continuance would further or undermine substantial justice. (*People v. Panah* (2005) 35 Cal.4th 395, 423.)

The trial court rested its denial of the continuance in part on its view that the photographs defendant would obtain from his attempt to recreate the scene would be too dissimilar to the actual scene to be admissible and thus misleading and confusing to the jury (presumably under Evidence Code section 352). These considerations rest on evidentiary rulings, and are consequently reviewed for an abuse of discretion. (*People v. Gonzalez* (2006) 38 Cal.4th 932, 950.) There was no abuse here.

Defendant's attempt to recreate Officer Ruiz's vantage point functioned as an experiment, and experiments are admissible only if the proponent demonstrates (1) the subject of the experiment is relevant, (2) the experiment was conducted under conditions that are the same or substantially similar to those of the actual occurrence, and (3) the admission of the experiment's results will not consume undue time, confuse the issues, or mislead the jury. (*People v. Boyd* (1990) 222 Cal.App.3d 541, 565.) Unless the second

4

requirement is met, the proponent will be unable to authenticate the experiment's result—in this case, a photograph—as "a fair and accurate representation of the scene depicted." (*People v. Goldsmith* (2014) 59 Cal.4th 258, 267-268.)

Although Officer Ruiz's ability to see defendant's movements was certainly relevant to the credibility contest between the two, the trial court did not abuse its discretion in concluding that the last two foundational requirements of defendant's proposed experiment were lacking. The crucial fact to be drawn from the experiment was Officer Ruiz's line of sight. But that fact turns on the interaction of a number of variables, including the height of defendant's midsection and his hands; the height of Officer Ruiz's eyes (which itself turns on his height, how much he was crouched while on the steps, and the elevation of the steps); and the angle and positioning of the SUV. The data to fill in these variables are unavailable: Officer Ruiz testified that he could see defendant's midsection, and defendant denies even being there. Defendant points to the trial court's reliance on the potential differences in lighting and argues this variable is irrelevant because lighting is not the issue (see *People v. Mayfield* (1997) 14 Cal.4th 668, 747, overruled in part on other grounds by *People v. Scott* (June 8, 2015, S064858) 2015 Cal. Lexis 3903, fn. 2 [lighting can be irrelevant]), but the trial court's citation to a variable defendant now says is irrelevant does not undermine the trial court's rightful concerns regarding the other variables. Nor did the trial court abuse its discretion in concluding that the absence of accurate inputs would yield a photograph that was "misleading" or "confusing" to a jury; this finding constitutes a proper, independent basis for exclusion. (Evid. Code, § 352, subd. (b) [providing for exclusion of evidence when its probative value is "substantially outweighed" by a "substantial danger of . . . confusing the issues, or of misleading the jury"].)

For these reasons, the trial court's evidentiary concerns provided ample basis to deny defendant's request for a continuance. This conclusion disposes of defendant's remaining contentions. Defendant asserts that his constitutional rights were violated, but the proper application of the rules of evidence does not violate the Constitution. (*People*

*v. Eubanks* (2011) 53 Cal.4th 110, 143.) Defendant suggests that the trial court was wrong to rely in part on his counsel's tardiness in seeking a continuance, but the court's reliance on this further reason in no way affects the correctness of its evidentiary reasons for denying the continuance. (See *People v. Letner & Tobin* (2010) 50 Cal.4th 99, 145 ["On appeal we consider the correctness of the trial court's ruling *itself*, not the correctness of the trial court's *reasons* for reaching its decision."].) And defendant argues that his counsel was constitutionally ineffective, but that claim lacks merit because the inadmissibility of the experimental evidence means that defendant was not prejudiced by any deficiency in his lawyer's representation. (*Strickland v. Washington* (1984) 466 U.S. 688, 694 [ineffective assistance of counsel claim requires a showing of deficient performance *and* prejudice].)

## II.     *Pitchess* **Motion**

Defendant also asks us to review the transcripts from the in camera hearings the trial court conducted on Officer Ruiz and his partner, as well as the followup in camera hearing the court conducted after disclosing information regarding Officer Ruiz. We conducted a review of the in camera proceedings in the manner contemplated by the decision in *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1230, and found the record to be adequate to permit meaningful appellate review. (See *People v. Prince* (2007) 40 Cal.4th 1179, 1285-1286.) We have independently determined from the entire record and that of the sealed in camera proceedings that the trial court properly exercised its discretion and that the trial court did not err in refusing to disclose further materials.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.

HOFFSTADT

We concur:

_____, P. J.

BOREN

_____, J.

ASHMANN-GERST

7