Filed 4/1/16  P. v. Brown CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDWARD BROWN,<br><br>    Defendant and Appellant. | F069910<br><br>(Super. Ct. Nos. F14901624 & F12905552)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jane Cardoza, Judge.

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

An amended felony information filed on May 6, 2014, charged defendant Edward Brown with one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)). The information also alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)), and had one prior strike (§ 667, subds. (b)-(i), § 1170.12, subds. (a)-(d)), one prior serious felony conviction (§ 667, subd. (a)(1)), and one prior prison term (§ 667.5, subd. (b)).

On May 12, 2014, a jury found defendant guilty of the charged offense, and found the bodily injury allegation to be true. Defendant admitted to the remaining allegations. The trial court subsequently sentenced defendant to an aggregate term of 16 years in prison.

On appeal, defendant argues the trial court abused its discretion by prohibiting defendant from introducing evidence of the victim's prior convictions for impeachment purposes. We affirm.

## FACTS[2]

On February 13, 2014, Steve Taylor was searching for recyclables in a trash bin outside of defendant's girlfriend's apartment. As he did so, defendant opened the gate to the apartment's yard area to let his dog out. The dog, which had previously bitten Taylor on the leg, attacked Taylor and bit his arm down to the bone. Taylor called for help, but defendant and his friends watched and laughed from a distance of 10 to 20 feet. Taylor was eventually able to escape the attack by climbing inside a nearby dumpster, at which time defendant retrieved the dog, placed it in his car, and drove away.

---

[1] Unless otherwise specified, all further statutory references are to the Penal Code.

[2] Appellant appeals from two separate Fresno County Superior Court cases, case Nos. F14901624 and F12905552. As defendant's appeal only concerns the facts of case No. F14901624, the facts of case No. F12905552 have been omitted.

After Taylor reported the incident to police, Officer George Flowers went to the scene of the attack where he observed a doghouse, dog food, a water dish, dog feces, and numerous chew toys on the patio of the apartment. Flowers also noticed blood stains in the area around the trash bin where Taylor had been attacked. Based on a recent police call to that same apartment, Flowers was able to determine defendant was associated with the address, and placed defendant's picture into a photo array. Taylor identified defendant out of the photo array, and on February 16, 2014, Flowers returned to the apartment and placed defendant under arrest.

Following the impaneling of the jury in defendant's case, defense counsel moved to introduce evidence of two prior convictions for the purposes of impeaching Taylor: a felony conviction for receiving stolen property from 1980, and a misdemeanor conviction for petty theft from 1993. The trial court denied the motion, however, stating the remoteness of the crimes rendered their introduction more prejudicial than probative. Defendant was subsequently found guilty of the charged offense, and this appeal followed.

**DISCUSSION**

On appeal, defendant contends the trial court abused its discretion by prohibiting defendant from introducing evidence of Taylor's prior convictions for receiving stolen property and petty theft. We disagree.

All prior felony convictions that "necessarily involve moral turpitude" are admissible to impeach a witness's testimony. (*People v. Castro* (1985) 38 Cal.3d 301, 306.) Prior misdemeanor conduct is also admissible, if it has "some logical bearing upon the veracity of a witness in a criminal proceeding." (*People v. Wheeler* (1992) 4 Cal.4th 284, 295.) When determining whether to admit a prior conviction for impeachment purposes, the court exercises broad discretion, and may consider factors such as "whether [the misconduct] reflects on the witness's honesty or veracity," and "whether it is near or remote in time." (*People v. Clark* (2011) 52 Cal.4th 856, 931.) In order to abuse this

3

discretion, "the court [must] exceed[] the bounds of reason, all of the circumstances being considered." (*People v. Stewart* (1985) 171 Cal.App.3d 59, 65.)

Here, while the crimes defendant sought to impeach Taylor with were crimes of moral turpitude, the first occurred 34 years prior to the date of defendant's trial, and the second offense had occurred 21 years prior to defendant's trial. (*People v. Mendoza* (2000) 78 Cal.App.4th 918, 926 [petty theft is a crime of moral turpitude]; *People v. Rodriguez* (1986) 177 Cal.App.3d 174, 178-180 [receiving stolen property is a crime of moral turpitude].) As such, the crimes were clearly remote in time, and we cannot conclude the trial court abused its discretion by declining to allow defendant to impeach Taylor with the convictions in question.

Defendant seeks to mitigate this remoteness by pointing out the fact that Taylor had three felony convictions for possession of a controlled substance from 1991, 2009, and 2013, which rendered his history of misconduct far less remote. This argument is not without substance, as remote prior convictions can be admissible for impeachment purposes if the witness "has not led a legally blameless life since the time of the remote prior." (*People v. Mendoza*, *supra*, 78 Cal.App.4th at pp. 925-926.) Nevertheless, the mere fact a piece of evidence is admissible does not mandate its admission. As noted above, the trial court has broad discretion in deciding whether or not to admit a prior conviction for impeachment purposes. Given the extreme remoteness of the offenses relating to moral turpitude in the instant case, we do not conclude the trial court's decision to exclude those offenses, even in light of Taylor's subsequent drug convictions, "exceed[ed] the bounds of reason." (*People v. Stewart*, *supra*, 171 Cal.App.3d at p. 65.)

Further, the trial court may, at its discretion, exclude otherwise relevant and admissible evidence "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.) Here, again, the remoteness of the offenses defendant sought to introduce

4

provide a reasonable basis for the trial court to conclude the admission of those offenses would prove insufficiently probative to compensate for their highly prejudicial effect. Such a determination does not exceed the bounds of reason, and does not merit reversal.

## DISPOSITION

The judgment is affirmed.