Filed 1/16/25  P. v. Patel CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SHAAF PATEL,<br><br>Defendant and Appellant. | D083132<br><br><br>(Super. Ct. No. SCN441900) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura E. Duffy, Judge.  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistance Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Shaaf Patel of one count of receiving stolen property (Pen. Code, § 496, subdivision (a)).  Patel moved for a new trial, contending that his counsel was ineffective.  The court denied the motion.

Patel appeals, contending his trial counsel refused to let him testify at his trial and therefore the court erred in denying his motion.  We find the court's error was harmless and affirm.

STATEMENT OF FACTS

After a burglary at IQHQ, a commercial establishment that had been undergoing renovations, law enforcement learned that Brandy Ruiz was using a credit card that had been taken during the burglary.  During a search of Ruiz's cell phone, officers discovered Patel's cell phone number and a video of Patel and Ruiz with items that had been taken during the burglary, including laptops, monitors and televisions, and moving them from a shipping container into Patel's car.  Ruiz inventoried the items in Patel's car: "So two Samsung, one Dell, two laptops, I mean, two keyboards, and seven laptops.  Cool."  Patel and Ruiz discussed that the laptops were worth "two grand" and that Ruiz's boyfriend, Dustin Greear, "wants to try to get at least half."  Patel stated that Greear told Patel to "sell 'em for half' " and then split the proceeds with Greear.  In the video, after loading the car, Patel and Ruiz went inside the shipping container, which contained additional boxes of electronics as well as bottles of liquor.  Patel opened a box that contained sports trading cards and commented on their value.  Ruiz agreed and said that she had told Greear, "Babe, good news, we can finally move!"  Patel and Ruiz also discussed that the cards were "worth about a thousand to two thousand dollars, easily."  Ruiz explained that "[a]nd what's funny, too, is we didn't even realize when we got these that that's what it was . . . we thought it was more laptops.  Then we opened it."  When Patel asked Ruiz how Greear found the "spot," Ruiz explained that Greear went to "a construction site" where "the door happened to be unlocked, and boom.  He was like, 'Ah!' "

2

Detectives located Patel and arrested him. He was interviewed after the arrest. Excerpts of his interview were played for the jury. In the interview, Patel stated that Greear had instructed Ruiz to take Patel to the storage container to load up his vehicle. Patel stated that the items had been stolen a day or two before he and Ruiz had loaded the items into his car. He noted that Greear had gone to help an associate at a gas station that "was right across the street from the place that they broke into." Patel stated that Greear would take "[a]nything that's not bolted to the ground" and that Greear and others would check the door on commercial buildings, go inside and then take "whatever he can get." Patel said that he had seen between twenty and thirty laptops in the storage container, including "brand new ones in the box," and a stack of used laptops as well as "a lot of monitors" and bottles of liquor. He acknowledged that he saw jackets and shirts with the IQHQ logo on the sleeves. Patel agreed that he and Greear were going to split the profits of what Patel sold. Patel told the detective that his intention was to either sell the computers on Offer Up or to other local businessmen in Riverside. He speculated that Greear asked him to sell the items because he's clean-cut and that he was "not in their scene" and therefore "off the radar." Patel commented that "even a grandma could sell" the "brand new in the box laptops," and that such items frequently sell for fifty percent of their retail value. "Well, I mean, anything that's being sold on the street [is] like instantly half off. And then . . . if people don't have money then you know, whatever you can get for it."

Patel was charged in an information with one count of violating Penal Code section 496, subdivision (a)—receipt of stolen property with a value in excess of $950. The jury convicted Patel of the offense and found true an allegation that the value of the received property exceeded $950. Patel,

3

acting on his own, filed a motion for a new trial, raising a number of issues regarding his trial counsel's performance at trial.  Among the various arguments in the motion, Patel asserted that "[my attorney] also refused to allow me to take the stand.  I was following his directions, which I later learned from speaking with other attorneys is incorrect."  Other than this statement, which he made under penalty of perjury, he provided no evidence to support this assertion, and at the hearing, he submitted the matter without offering any evidence.  After discussing several of the issues raised in the motion, the court found Patel had failed to meet his burden to show ineffective assistance of counsel and denied his new trial motion.  The court sentenced Patel to two years formal probation and 90 days incarceration.

Patel timely appeals.

DISCUSSION

Patel contends on appeal that his counsel refused to let him testify and that the court erred in failing to inquire of defense counsel as to this issue.

1. *Legal Principles*

Under the Sixth Amendment, a defendant in a criminal case is entitled to the effective assistance of counsel.  The defendant bears the burden to prove the performance of counsel fell below the appropriate level of competence and that such failure caused the defendant prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 686, 688.)

Where, as here, the court denies a motion for new trial that is based upon a claim of ineffective assistance of counsel, we uphold the trial court's factual findings if they are supported by substantial evidence.  (*People v. Taylor* (1984) 162 Cal.App.3d 720, 724 ["The trial court's factual findings, express or implied, will be upheld if they are supported by substantial

evidence"].) We independently review whether the appellant received ineffective assistance. (*Id.* at p. 725.)

A defendant has the right to decide whether to testify at trial in his own defense. (*People v. Winn* (2020) 44 Cal.App.5th 859, 871 (*Winn*) [trial court erred by failing to inquire into Winn's claim that his counsel deprived him of the right to testify].) The denial of a defendant's right to testify is subject to harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18, i.e., whether the error was harmless beyond a reasonable doubt. (*People v. Allen* (2008) 44 Cal.4th 843, 871; see also *Winn*, at p. 871.)

### 2. Analysis

Here, the trial court made no findings regarding Patel's assertion in his motion that his attorney "refused to allow [him] to take the stand." Other than this statement, made under penalty of perjury, there is nothing in the record regarding the issue, which presumably would have occurred in a private conversation between Patel and his counsel. There was no contrary evidence before the court that would support even an implied finding as to the issue, and therefore there is no substantial evidence that would support the court's denial of the new trial motion as to this issue. (See *Winn*, *supra*, 44 Cal.App.5th at p. 871.)

However, as in *Winn*, the error here was harmless beyond a reasonable doubt. The only issue at trial was whether Patel knew the items were stolen at the time he received them. As recounted above, the video recording of Patel loading numerous boxes of electronics into his vehicle, his discussion with Ruiz about where the items in the storage unit had come from, and his postarrest statements to the detectives established his culpability beyond a reasonable doubt.

5

Patel argues that the evidence of his knowledge was insufficiently proven at trial. If he had testified, he would have asserted that he did not know the goods were stolen when he received them, and "the outcome could have been different." Patel asserts that his question to Ruiz about how they found the "spot" only occurred after he had loaded the items in his car, and therefore when he was loading the items, "it is conceivable he had no idea the goods were stolen."

A person's knowledge as to the character of stolen property "may be, and almost always must be, presented by circumstantial evidence." (*People v. Rodriguez* (1986) 177 Cal.App.3d 174, 179–180) [circumstantial evidence of knowledge strongly supported conviction for receiving stolen property; court's error in allowing impeachment was harmless].) None of the evidence presented at trial raised any doubt as to Patel's knowledge of the stolen nature of the property he took in his vehicle; instead, all the evidence, including Patel's own statements to Ruiz and to the detectives proved circumstantially that Patel was well aware of the stolen nature of the property in his car. Even without Patel's testimony denying knowledge, Patel's attorney argued to the jury that there was no evidence that Patel knew the items were stolen. The jury disagreed and found Patel guilty beyond a reasonable doubt. Similarly, we conclude that the omission of Patel's testimony denying knowledge was harmless beyond a reasonable doubt.

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

BUCHANAN, Acting P. J.

RUBIN, J.

7