NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TU LE, an individual, on behalf of themselves and a class of all others similarly situated; GENEVA NGUYEN, an individual, on behalf of themselves and a class of all others similarly situated; MAI T. LY, an individual, on behalf of themselves and a class of all others similarly situated,

Plaintiffs - Appellants,

v.

PRESTIGE COMMUNITY CREDIT UNION, a national credit union; DOES, 1 through 10 inclusive,

Defendants - Appellees.

No. 24-674

D.C. No.
8:22-cv-00259-JVS-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted May 14, 2025
Pasadena, California

Before: IKUTA, R. NELSON, and LEE, Circuit Judges.

The plaintiffs here were unfortunate victims of a Ponzi scheme. They now

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

seek recovery from Prestige Community Credit Union, a Texas-based credit union where the perpetrators of the scheme deposited the plaintiffs' funds. The plaintiffs filed a class action lawsuit, contending that Prestige (1) aided and abetted fraud; (2) aided and abetted breach of fiduciary duty; (3) received stolen property; and (4) assisted in financial elder abuse. The district court granted summary judgment for Prestige on all counts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's summary judgment ruling de novo, "viewing the evidence in the light most favorable to the nonmoving party." *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011) (citation omitted). Prestige's actual knowledge of the underlying Ponzi scheme is essential to each of the plaintiffs' claims. While the plaintiffs point to red flags that perhaps suggest that Prestige should have known about the perpetrators' scheme, they do not offer evidence that Prestige actually knew about it. And because the plaintiffs failed to make a sufficient showing to create a genuine issue of fact about Prestige's actual knowledge, Prestige was entitled to summary judgment. *See* Fed. R. Civ. P. 56(a).

1.    Beginning with the plaintiffs' aiding and abetting claims, we need not decide whether Texas or California law applies because their claims fail under both states' laws.

Texas law likely affords the plaintiffs no avenue of relief for their common-law aiding and abetting claims. *Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 5 (Tex.

Ct. App. 2020) (holding "a common-law cause of action for aiding and abetting does not exist in Texas"). Although California recognizes an aiding and abetting cause of action, a defendant must have actual knowledge of the underlying wrong to be held liable. *See Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144–45 (2005). The plaintiffs, however, do not raise a triable issue of fact about Prestige's actual knowledge of the Ponzi scheme. The plaintiffs thus cannot establish a necessary element of their aiding and abetting claims under California law. Applying either state's law, the plaintiffs' aiding and abetting claims cannot survive summary judgment.

2.      The district court also correctly granted summary judgment for Prestige on the plaintiffs' claim under California Penal Code § 496(c) for receipt of stolen property. "[A] necessary element of the offense of receiving stolen property is actual knowledge of the stolen character of the property." *People v. Rodriguez*, 177 Cal. App. 3d 174, 179 (1986). Without a triable issue of fact as to Prestige's actual knowledge, the plaintiffs' claim for receipt of stolen property can go no further.

3.      Finally, the district court correctly granted summary judgment for Prestige on the plaintiffs' financial elder abuse claim under California Welfare & Institutions Code § 15610.30(a)(2). Relevant here, section 15610.30(a)(2) imposes liability on an entity that "assists" another person or entity in "taking . . . real or personal property of an elder." Cal. Welf. & Inst. Code § 15610.30(a)(2).

Section 15610.30(b) allows for constructive knowledge as it relates to the person or entity who "takes, secretes, appropriates, obtains, or retains the property," but it does not discuss the knowledge requirement for a claim of assisting financial elder abuse under subsection (a)(2). *Id.* § 15610.30(b).

Under the California Court of Appeal decision in *Das v. Bank of America, N.A.*, a "bank may be found to have 'assisted' the financial abuse only if it knew of the third party's wrongful conduct." 186 Cal. App. 4th 727, 745 (2010). Although intermediate appellate court decisions do not bind us, "[w]e should nevertheless follow a published intermediate state court decision regarding California law unless we are convinced that the California Supreme Court would reject it." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). *Das* interpreted an earlier version of the law, but the amendment did not materially alter the language of subsection (a)(2), the "assist" provision. *Compare* Cal. Welf. & Inst. Code § 15610.30(a)(2) (2014), *with id.* (2000). [1] Because this claim requires actual knowledge, Prestige was entitled to summary judgment.

**AFFIRMED.**

---

[1] In unpublished decisions, California Courts of Appeal have followed *Das'* requirement of actual knowledge when interpreting the amended statute. There is no convincing evidence that the California Supreme Court would overrule *Das*.